Filed 3/23/22  P. v. Arriola CA2/1
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B297120 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA030665) |
| v. | |
| ALBERT ARRIOLA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Reversed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan

Pithey, Supervising Deputy Attorney General, Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.

_____

Based on his participation in a series of gang-related shootings on July 12, 1998, Albert Arriola was convicted of, among other crimes, four counts of attempted murder. (*People v. Arriola* (July 28, 2000, B131255) at pp. 2-4 [nonpub. opn.] (*Arriola I*).)[1] In February 2019, Arriola petitioned the trial court under Penal Code section 1170.95 to vacate his sentences for attempted murder and resentence him on the remaining counts.[2] The trial court summarily denied Arriola's petition because, at the time, section 1170.95 did not provide for resentencing based on attempted murder convictions. We affirmed the trial court's order in a nonpublished opinion. (*People v. Arriola* (Apr. 1, 2020, B297120) at p. 6 [nonpub. opn.] (*Arriola II*).) Arriola petitioned the Supreme Court for review and the Supreme Court granted and held the matter pending its review in another matter.

While Arriola's case was pending in the Supreme Court, the Legislature passed and the Governor signed Senate Bill No. 775 (S.B. 775), which amended section 1170.95 to include as eligible for resentencing persons convicted of "attempted murder under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, § 2, subd. (a); § 1170.95, subd. (a).) In December 2021,

_____

[1] On December 30, 2021, Arriola filed a request in the alternative that we take judicial notice of portions of the record from his direct appeal or that we incorporate the record from his direct appeal into this appeal. We grant Arriola's motion to incorporate the record from No. B131255 and deny his alternative request for judicial notice as moot.

[2] Further statutory references are to the Penal Code.

the Supreme Court transferred the matter back to this court with directions that we vacate our opinion in *Arriola II* and reconsider Arriola's appeal in light of S.B. 775.

We agree with the parties that the trial court must reconsider Arriola's petition under the newly-amended section 1170.95. We will therefore reverse the trial court's order and remand with instructions to consider Arriola's petition in light of S.B. 775's amendments to section 1170.95.

## BACKGROUND

Arriola and a codefendant were convicted of shooting at a person from a motor vehicle, four counts of attempted murder, and conspiracy to commit murder, and found true a variety of enhancement allegations based on a series of shootings on July 12, 1998. (*Arriola I, supra,* B131255 at p. 2.) The factual background from Arriola's direct appeal from his conviction describes Arriola driving while his passenger shot at several people, including two police officers who gave chase as Arriola's vehicle passed them while they were on patrol. (*Id.* at pp. 3-4.)

Arriola and his codefendant were charged with four counts of attempted murder, including two counts—counts 6 and 7 in the information—of attempted murder of peace officers engaged in the performance of duty. With regard to those two counts specifically, the jury was instructed that "[o]ne who aids and abets another in the commission of a crime or crimes is not only guilty of those crimes, but is also guilty of any other crime committed by a principal which is a natural and probable consequence of the crimes originally aided and abetted. [¶] In order to find the defendant guilty of the crimes of attempted murder, as charged in Counts 6 & 7, based on the theory of natural & probable consequences[,] you must be satisfied beyond

3

a reasonable doubt that: [¶] 1. The crime or crimes of attempted murder were committed; [¶] 2. That the defendant aided and abetted those crimes; [¶] 3. That a co-principal in that crime committed the crimes of attempted murder; and [¶] 4. The crimes of attempted murder as charged in counts 6 & 7 were a natural and probable consequence of the commission of the crimes of attempted murder, as charged in [counts] 3 & 4."

The jury found Arriola guilty of all four of the attempted murder counts charged in the information. We affirmed Arriola's conviction on direct appeal in *Arriola I*.

In 2018, the Legislature enacted Senate Bill No. 1437 (S.B. 1437), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder . . . ." (Stats. 2018, ch. 1015, § 1, subd. (f).) S.B. 1437 became effective on January 1, 2019. Among other changes to the Penal Code, it added section 1170.95, which created the procedure by which a defendant could petition a trial court for relief under the provisions of the then-new legislation. (Stats. 2018, ch. 1015, § 4.)

On February 25, 2019, Arriola filed a petition in the trial court under section 1170.95 alleging that he had been convicted of murder under the natural and probable consequences doctrine, that he could no longer be convicted of murder because of changes made to sections 188 and 189 by S.B. 1437, and requesting the trial court to appoint counsel to represent him. The trial court summarily denied Arriola's petition, concluding that Arriola was ineligible for relief as a matter of law because Arriola's convictions were "unaffected by" S.B. 1437. We affirmed the trial court's order in *Arriola II*.

4

Arriola petitioned the Supreme Court for review.  The Supreme Court granted Arriola's petition and held the matter pending decision in *People v. Lopez*, where the court granted review to determine whether S.B. 1437 "appl[ies] to attempted murder liability under the natural and probable consequences doctrine," among other questions.  (See *People v. Arriola* (July 8, 2020, S261740), *People v. Lopez* (Nov. 13, 2019, S258175) [orders granting petitions for review].)

On October 5, 2021, while this matter was pending in the Supreme Court, the Governor signed S.B. 775, which became effective January 1, 2022.  As pertinent to this appeal, S.B. 775 amended section 1170.95 to include as eligible for resentencing persons convicted of "attempted murder under the natural and probable consequences doctrine."  (Stats. 2021, ch. 551, § 2, subd. (a); § 1170.95, subd. (a).)

On December 22, 2021, the Supreme Court issued an order transferring the matter back to this court "with directions to vacate [our opinion] and reconsider the cause in light of [S.B.] 775."  Consistent with the Supreme Court's order, we vacated our opinion, and now issue this opinion reconsidering the cause in light of S.B. 775.

## DISCUSSION

As amended by S.B. 775, section 1170.95 allows one "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter" to "file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter

5

conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a), italics added.) "[P]etitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . and . . . only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Lewis* (2021) 11 Cal.5th 952, 957.)

S.B. 775 amended section 1170.95, effective January 1, 2022, to expressly include as eligible for resentencing those convicted of "attempted murder under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, § 2, subd. (a).) S.B. 775, therefore, appears to make a petition based on at least two of Arriola's convictions facially sufficient to invoke the trial court's duty to appoint counsel to represent Arriola under section 1170.95, subdivision (b)(3). Because *Lewis* established that a section 1170.95 petitioner is entitled to the appointment of counsel upon the filing of a facially sufficient petition, S.B. 775's amendments to section 1170.95 have rendered the trial court's denial of Arriola's petition before appointing counsel erroneous under section 1170.95 in its current form. (See *Lewis*, *supra*, 11 Cal.5th at p. 957.)

*Lewis* instructs us to also consider whether the trial court's error was prejudicial under *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). In this case, we conclude the error was prejudicial.

With regard to at least two of the attempted murder charges—counts 6 and 7—the jury was instructed that in order to find Arriola guilty, they would need to be satisfied beyond a reasonable doubt that "[t]he crimes of attempted murder as charged in counts 6 & 7 were a natural and probable consequence

6

of the commission of the crimes of attempted murder, as charged in [counts] 3 & 4." Based on the record of conviction, we cannot conclude that Arriola is ineligible for relief as a matter of law as to counts 6 and 7. (See *Watson*, *supra*, 46 Cal.2d at p. 836.)

Neither party has made any argument related specifically to Arriola's attempted murder convictions based on counts 3 and 4. We express no opinion about the merits of any section 1170.95 argument as it relates to those two counts. Rather, we leave it to the trial court in the first instance to determine Arriola's eligibility for relief under section 1170.95 as to each of the four attempted murder counts for which he was convicted.

## DISPOSITION

The trial court's order is reversed. On remand the trial court will appoint counsel for Arriola and will conduct further proceedings in accordance with section 1170.95. If the trial court finds it necessary for purposes of considering Arriola's petition under section 1170.95 as amended by S.B. 775, the trial court will allow Arriola to file a section 1170.95 petition that is consistent with the provisions of section 1170.95 as amended by S.B. 775.

NOT TO BE PUBLISHED

                                                    CHANEY, J.

We concur:


        ROTHSCHILD, P. J.



        BENDIX, J.

7